

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

July 31, 1948

Hon. R. E. Schneider, Jr.
County Attorney
Live Oak County
George West, Texas

Opinion No. V-643

Re: Qualification of
voters; duties of
and advice to elec-
tion officers.

Dear Sir:

We refer to your letter in which you submit the following questions:

"1. What are the requirements for qualification to vote in the elections in Texas concerning the ability to read and/or write the English language? Speak and/or understand the same?

"2. Are the Election Judges required to assist in marking the ballot if requested to do so for a potential voter between the ages of twenty-one and sixty in good physical condition and not blind?

"3. Are the Election Judges required to mark the ballot, if so requested, of a potential voter between the ages of twenty-one and sixty in good physical condition and not blind if the only reason he or she is unable to mark his or her own ballot is his or her illiteracy?

"4. In whom in Texas is the authority vested to order and/or advise the Election Judges as to how they shall conduct their boxes and/or whom they shall challenge as to his or her right to vote and to whom they shall deny a ballot?"

The only limitation of the qualification of voters in Texas is contained in Section 1 of Article VI of the State Constitution which does not disqualify persons who are not able to read, write, speak and understand the English language. Sections 2 and 3 of Article VI provide that every person subject to none of the

disqualifications stated in said section 1 who shall have attained the age of 21 years, who shall be a citizen of the United States, and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified voter; provided that any voter who is subject to pay a poll tax shall have paid the same before the first day of February next preceding such election.

In Ramsey v. Wilhelm, 52 S. W. (2d) 757 (error refused), the Court said:

"The Constitution itself defines the qualifications of a legal voter, and the legislature is without power to restrict or extend these requirements."

There is no law which requires that a voter shall be able to read, write, speak or understand the English language. We answer your first question accordingly.

Article 3010, Vernon's Civil Statutes provides for aid to voters by election officers. It reads:

"Not more than one person at the same time shall be permitted to occupy any one compartment, voting booth or place prepared for a voter, nor shall any assistance be given a voter in preparing his ballot, except when a voter is unable to prepare the same himself _because of some bodily infirmity_, such as renders him _physically unable to write_ or is over sixty years of age and is unable to read and write, in which case two judges of such election shall assist him, _they having been first sworn that they will not suggest, by word or sign or gesture,_ how such voter shall vote; and they will confine their assistance to answering his questions, to naming candidates, and the political parties to which they belong, and that they will prepare his ballot _as such voter himself shall direct_; provided that the _voter must in_ every case explain in the _English language how he wishes to vote_, and no judge of the election shall use any other than the _English language in aiding the voter, or in performing_

any duty as such judge of the election. Where
any assistance is rendered in preparing a bal-
lot other than as herein allowed, the ballot
shall not be counted, but shall be void for
all purposes.  If the election be a general
election, the judges who assist such voters
shall be of different political parties, if
there be such judges present, and if the elec-
tion be a primary election one or more super-
visors may be present when the assistance here-
in permitted is being given, but each supervi-
sor must remain silent except in cases of ir-
regularity or violation of the law."

In Carter v. White, 161 S. W. (2d) 525 the
Court of Civil Appeals had the question of assistance to
voters by election officers under consideration and said:

"A summary of the assistance as found by
the court is as follows:  Five of the eleven
asked for information as to how to vote a
'straight ticket' or a 'straight Democratic
ticket,' and were told generally how to do it,
two of whom inquired if the others should be
marked out and were told yes.  One voter was
unable to find the President's name on the
ticket and asked how he might vote for him,
which was explained to him.  One was afraid
he might mutilate his ballot and asked what
constituted a mutilated ballot, which was ex-
plained to him.  One sought information as to
how to vote for or against constitutional a-
mendments, which was explained.  Another ex-
plained she had never voted at a Presidential
Election, and asked for general information,
and engaged in a general discussion of how to
do so.  One asked if the ballot is marked
part way down if it would destroy the whole
ballot, and was told it would not, and was
shown where the independent and socialist
and other candidates were on the ballot. An-
other stated he had never voted and asked for
a general explanation of the ballot, which was
done.  All conversations were with and all ex-
planations were made by election officials af-
ter which each voter then retired to the place
provided for marking ballots and marked and
voted the ballot according to his own wishes
and intentions.

"Plaintiff takes the position these matters constituted illegal assistance under the law and rendered each and all the eleven ballots void.  None of the voters are within any exception of the statute authorizing assistance.

"We think it clear from the provisions of Art. 3010, R. C. S. 1925, and other provisions hereafter noticed, assistance or aid means assistance or aid in the marking of the ballot, and does not extend to and include general instructions and advice, such as given the voters here, which do not and cannot become injurious to contestant.  <u>If advice or instruction is such as would amount to assistance in marking the names of candidates on the ballot and resultant injury to contestant, then it would become illegal and render the ballot void.</u>  It cannot be presumed the Legislature intended to apply unreasonable and senseless rules in situations like this, and the courts will indulge none such.

"That assistance and aid refers to the marking of the ballot is made plain by the provisions of Arts. 3008, 3012, R.C.S. 1925, and article 2942a, Vernon's Ann. Civ. St."

In Lee v. Whitehead, 182 S. W. (2d) 744 the Court of Civil Appeals said:

"With reference to the ballots cast by Mrs. Joe Katzur and Mrs. Albert Volkmann, which the trial judge rejected because of his findings that those voters were assisted in preparing their ballots by election officials through the use of languages other than English, to-wit; Polish and German, respectively, the trial judge found that in both cases the voters were so assisted by election officials, that the English language was not used in either case, but that Polish was used in the case of Mrs. Katzur and German in the case of Mrs. Volkmann.  The testimony fully supported these findings, which we adopt.  As distinguished from the case of irregularities in absentee voting, the statute (Art. 3010) expressly provides that where language other than

English is used in explaining and/or assist-
ing voters in casting their ballots, such bal-
lots 'shall not be counted, but shall be void
for all purposes.'"

To the same effect is Huff v. Duffield, 251
S. W. 298.  There assistance was given to Mexicans who
could not understand English.  They were told how to
vote Democratic, Republican, or Socialist; how to vote
for Peddy for Sheriff, and that Teller was running for
constable.  The Court held all such votes illegal.  The
Court said, concerning the law:

". . . it is mandatory in stating the only
circumstance under which assistance shall be
given those who are physically unable to pre-
pare a ballot and those over a certain age.
. . . They are the only ones who can be assist-
ed, and that assistance can only be given when
requested in English. . . Whether a wise law
or not, it is the law and  must be enforced."

The general rule is stated in 29 C. J. S. 294
that inability to read or write is ground for assistance
in some jurisdictions; but in jurisdictions where physi-
cal disability is the only ground for assisting voters,
illiteracy does not entitle a voter to assistance.  To
the same effect is 18 Am. Jur. 328.  Article 3010 V.C.S.
provides for assistance to a person who is over sixty
and is unable to read and write.  The natural implica-
tion therefore is that persons under 60 not physically
handicapped may not be assisted even though they are il-
literate.  The Court stated in Clark v. White, supra:

"We think the primary and chief purpose
in making illegal assistance in the marking
of a ballot is to prevent fraud and the sub-
stitution of the will of some other for that
of the voter."

In other words, the illiterate person would
not be able to tell whether the person assisting him was
voting as he directed or not.  That Court distinguished
between explaining a ballot and the actual marking there-
of.  For the illiterate person, the person assisting
would have to participate in the actual marking of the
ballot.  This the Legislature has not permitted.

In view of the foregoing your questions 2 and 3 are answered in the negative.

Other than the procedural statutes relating to primary and general elections, we have found no law which authorizes any officer to order or advise election judges concerning their duties in conducting an election.

## SUMMARY

There is no requirement in the laws of Texas that a person who offers to vote shall be able to read, write, speak or understand the English language. Election judges are not required or permitted to mark or assist in marking the ballot of a person between the ages of 21 and 60 years, though such person be unable to mark his ballot because of illiteracy or because such person cannot read or write the English language.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *W. T. Williams*
W. T. Williams
Assistant

WTW:wb

APPROVED:

*Price Daniel*
ATTORNEY GENERAL